# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SHERRY SCOTT, ET AL.**                  **CIVIL ACTION**

**VERSUS**                                        **NO.: 14-791-JJB-RLB**

**OFFICE DEPOT, INC.**

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

      **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 17, 2015.

                                                   **RICHARD L. BOURGEOIS, JR.**
                                                   **UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHERRY SCOTT, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 14-791-JJB-RLB** |
| **OFFICE DEPOT, INC.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiffs' Motion to Remand. (R. Doc. 4). The motion is opposed. (R. Doc. 5). For the following reasons, the undersigned recommends that Plaintiffs' motion be denied.

**I.    Background**

Sherry Scott and her husband Burnell Scott ("Plaintiffs") filed this personal injury suit against Office Depot, Inc. ("Defendant" or "Office Depot") on April 17, 2014 in the 19th Judicial District Court of East Baton Rouge Parish, Louisiana. Plaintiffs allege that on September 7, 2013, while a customer at an Office Depot store located in Zachary, Louisiana, Ms. Scott tripped on a hand cart negligently placed in her way by an Office Depot employee as she was exiting the store. (R. Doc. 1-2 at 1-2). Plaintiffs allege that Ms. Scott suffered "direct and immediate" contusions; injuries to her foot, leg, hip, lower back, face, shoulder, and neck; emotional reaction and anxiety; and other non-disclosed injuries. (R. Doc. 1-2 at 3). Plaintiffs also allege that as a "result of the injuries and resulting disability, [Ms. Scott] experienced a loss of wages and anticipates additional lost earnings and earning capacity." (R. Doc. 1-2 at 3). Finally, Plaintiffs allege that Mr. Scott is legally blind and is entitled to damages for loss of

consortium in light of his wife's inability to adequately and sufficiently act as his primary care giver. (R. Doc. 1-2 at 3).

The parties engaged in discovery in state court. On September 17, 2014, Plaintiffs produced Ms. Scott's medical records and bills (R. Doc. 4-3) in response to discovery requests (R. Doc. 4-2). The medical records indicate that the results of a March 25, 2014 MRI on Ms. Scott revealed disc bulges to L2-3, L3-4, L4-5, and L5-S1, as well as herniated disks at L4-5 and L5-S1. (R. Doc. 4-3 at 20-21). Based on this MRI, Ms. Scott's treating physician, Dr. John Burdine, diagnosed her with lumbar radiculopathy. (R. Doc. 4-3 at 15). The medical records indicate that on May 1, 2014, Ms. Scott received an epidural steroid injection. (R. Doc. 4-3 at 15-16).

On October 15, 2014, Plaintiffs supplemented Ms. Scott's records and informed Defendant that she would receive another epidural injection. (R. Doc. 4-7).

On October 28, 2014, Ms. Scott testified at her deposition that the second injection did not completely relieve her pain and that she would need a third epidural injection. (R. Doc. 4-5).

On November 10, 2014, Plaintiffs supplemented Ms. Scott's records and formally informed Defendant that she had received the second epidural injection. (R. Doc. 4-4).

On November 25, 2014, Plaintiffs' counsel sent defense counsel a settlement demand letter in anticipation of upcoming mediation. (R. Doc. 1-3 at 1). In the letter, Plaintiffs' counsel states, in relevant part, the following:

> Following the incident, Ms. Scott complained of pain to her lower extremities, neck, right shoulder, right buttocks, and ribs. She also experienced burning, numbness and tingling to her lower extremities.

> Initially, Ms. Scott treated at Lane Regional Memorial Hospital for pain to her right anterior shoulder and right distal clavicle, right arm, right wrist, right hip and knee.
>
> She eventually treated with Dr. Burdine. Following initial examination by Dr. Burdine, Ms. Scott was diagnosed with cervicalgia, lumbago, and lumbosacral radiculitis. Her diagnoses eventually included lumbar radicular pain, lumbar spondylosis and bulging lumbar discs. A lumbar MRI obtained of March 6, 2014 revealed disc bulges to L2-3, L3-4, L4-5 and L5-S1. Herniations were present at L4-5 and L5-S1.
>
> As a result of her injuries, Ms. Scott has received two lumbar ESIs to L4/5 and L5/S1. As noted by the enclosed correspondence from Dr. Burdine, he anticipates Ms. Scott will require two to three ESIs per year. He also notes Ms. Scott will require yearly visits and diagnostic imaging. An EMG has also been ordered.
>
> Dr. Burdine placed Ms. Scott on light duty. He is in the process of writing her an order for accommodations at work.
>
> To date, Ms. Scott's medical expenses total $21,315.49. Considering Dr. Burdine's recommended future treatment, Ms. Scott's future medical expenses for the next 5 to 10 years could range from $130,000.00 to approximately $390,000.00 for injections alone.
>
> General damages for injuries similar to those sustained by Ms. Scott typically fall within the $75,000.00 to $100,000.00 range.
>
> In an effort to resolve this matter, we are authorized to demand $300,000.00 for full and final resolution of this matter.

(R. Doc. 1-3 at 1-2).

On December 22, 2014, Defendant removed the action asserting that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). In the Notice of Removal, Defendant states that prior to November 25, 2014, it "did not believe that the claims of the Plaintiffs exceeded the jurisdictional amount because Plaintiff Sherry Scott was actively treating for lumbar spine complaints, but such injuries were believed to be soft tissue in nature." (R. Doc. 1 at 2). Defendant alleges that the November 25, 2014 settlement demand letter from Plaintiffs'

counsel was an "other paper" triggering the 30-day period to remove the action pursuant to 28 U.S.C. § 1446(b)(3).

On January 19, 2015, within thirty days of removal, Plaintiffs filed the instant Motion to Remand claiming that the removal was untimely. (R. Doc. 4).

## II.     Arguments of the Parties

Plaintiffs do not argue that that the 30-day period required for removal was triggered by service of the initial pleading. Instead, Plaintiffs argue that Ms. Scott's medical records and deposition testimony regarding her herniated disks and epidural injections constitute "other paper" that put Defendant on notice that "plaintiffs' claimed damages exceeded the jurisdictional amount, at the latest, on November 10, 2014, when Sherry Scott's medical records were supplemented." (R. Doc. 4-1 at 1-2). Accordingly, Plaintiffs argue that "Defendant's notice of removal filed on December 22, 2014 was filed well outside the thirty day period found in 1446(b), and is therefore untimely." (R. Doc. 4-1 at 2). Plaintiffs provide various decisions in Louisiana courts in support of their argument that after being providing Ms. Scott's medical records, Defendant was put on notice that the amount in controversy requirement was satisfied no later than November 10, 2014, making the removal on December 22, 2014 untimely. (R. Doc. 4-1 at 7-8).

In response, Defendants argue that they did not have a duty to remove pursuant to 28 U.S.C. § 1446(b) until they could "ascertain" that the case was removable, i.e., that "the facts supporting removability be stated *unequivocally*." (R. Doc. 5 at 3). Defendants argue that prior to November 25, 2014, they were only put on notice that Ms. Scott suffered "back injuries requiring three epidural steroid injections," but not that she would need "two or three epidural

4

steroid injections a year, for the next two to three years, in addition to doctor visits and imaging studies for the foreseeable future with an estimated future medical cost ranging from $130,000 to $390,000 for the injections alone." (R. Doc. 5 at 4-5). Defendants provide various decisions in Louisiana courts to support their position that "back injuries requiring three epidural steroid injections" do not support the amount in controversy requirement. (R. Doc. 5 at 4-5).

**III.    Law and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing defendant bears the burden of showing, if challenged, that the removal was procedurally proper. *Manguno v. Prudential Property and Casualty Insurance Company*, 276 F.3d 720, 723 (5th Cir. 2002).

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

5

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

With regard to triggering the 30-day time removal from the defendant's receipt of the initial pleading, as provided in § 1446(b)(1), the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)).[1]

---

[1] Pursuant to *Chapman*, if a plaintiff wants the 30-day period to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman*, 969 F.2d at 163. Such a statement would provide notice to defendants that the removal clock had been triggered, but would not run afoul of state laws, such as Louisiana, that prohibit pleading unliquidated damage amounts. In *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002), the Fifth Circuit addressed *Chapman* and suggested, in dicta, that specific damage estimates in the initial pleading that are less than the minimum jurisdictional amount can be combined with other unspecified damage claims in order to trigger the time limit for filing the notice of removal. In *Mumfrey*, a subsequent panel criticized this portion of *Bosky*, questioned the authority upon which it relied, and noted that if there is a conflict between *Chapman* and *Bosky*, *Chapman* controls as the earlier opinion. *Mumfrey*, 719 F.3d at 400 (characterizing this portion of *Bosky* as "a line that has become the source of significant confusion"). *See Clark v. Dolgencorp*, No. 13-2336, 2014 WL 458220, *3 (W.D.

It is undisputed that the initial pleading in this action does not contain a specific allegation that damages are in excess of the federal jurisdictional amount. Accordingly, the 30-day period for removing the action was not triggered by service of the initial pleading.

With regard to triggering the 30-day time period from the Defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), the Fifth Circuit has provided that the 30-day removal period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). Accordingly, the standard for triggering removal based upon a subsequent "amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), is at least as strict as the standard for triggering the 30 day period for removal based on an initial pleading, as provided in § 1446(b)(1).[2]

---

La. Feb. 4, 2014) ("*Mumfrey* expressly rejected the dicta in *Bosky* that was the cause of confusion and instead reiterated that the 'bright line rule' set forth in *Chapman* applies").

[2] In *Bosky*, the court indicated that the standard to trigger the second 30 day removal period (as is at issue in the instant case) "seems to require a *greater* level of certainty" than the *Chapman* standard used to determine whether a case must be removed based on the allegations contained in the initial pleading. *Id.* at 211 (emphasis added). The Fifth Circuit has subsequently held that *Bosky*'s discussion of the standards for triggering the initial 30-day removal period constituted dicta because the issue before the *Bosky* court was whether removal was timely pursuant to the language of what is now § 1446(b)(3), and not whether removal was timely pursuant to the language of what is now § 1446(b)(1). *See Mumfrey*, 719 F.3d at 399 n.11 (citing *Bosky*, 288 F.3d at 209-11). The *Mumfrey* court criticized the *Bosky* decision to the extent it stated that the bright line rule announced in *Chapman* was less strict than the requirement for triggering the 30-day period with regard to amended pleadings and other documents. *Id.* at 400. While the *Mumfrey* court does not use the "unequivocally clear and certain" language found in *Bosky*, its ultimate holding that the 30-day removal period was triggered by receipt of an amended petition seeking $3,575,000 in damages and not the initial petition, which did not specifically request any amount of damages, suggests that the standards for triggering the 30-day period are virtually identical (if not in fact identical) if removal is based upon the initial pleading or a subsequent paper. *See Smith v. Wal-Mart Louisiana, LLC*, No. 13-2368, 2013 WL 4781778, at *3 (W.D. La. Sept. 5, 2013) (*Bosky* should be read as imposing a trigger for the second removal period that is *at least* as strict as that set forth in *Chapman*.").

The only dispute before the court is whether Defendant timely removed the state court proceeding after being provided an "other paper" from which Defendant could ascertain that the case has become removable so as to trigger the 30 day removal period. *See* 28 U.S.C. § 1446(b)(3). Plaintiffs argue that Ms. Scott's medical records provided in discovery, as well as her deposition testimony, put Defendant on "notice" that the action was removable. In contrast, Defendants state that they were not able to ascertain that the action was removable until Plaintiffs' counsel sent the November 25, 2014 settlement demand letter.

Ms. Scott's medical records and deposition testimony (at least the portions provided by Plaintiffs to the court) do not provide sufficient information "from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). Plaintiff has not directed the court to any portion of the medical records or Ms. Scott's testimony that make it "unequivocally clear and certain" that the amount in controversy requirement is satisfied or that Plaintiff was otherwise seeking an amount exceeding the jurisdictional requisite. *See Bosky*, 288 F.3d at 211. This is not a case where the plaintiff affirmatively stated in an amended pleading or other paper that its damages exceeded the jurisdictional requirement, thus triggering the 30-day period for removal pursuant to § 1446(b)(3). *See Mumfrey*, 719 F.3d at 400 (timing rule triggered where Amended Petition sought $3,575,000 in damages). "Other paper describing injuries and other damages that seem likely to exceed the amount in controversy requirement, but which do not show unequivocally that the requirement is met, are insufficient to trigger the removal clock." *Darensburg v. NGM Ins. Co.*, No. 14-1391, 2014 WL 4072128, at *2 (E.D. La. Aug. 13, 2014).

Defendants would be required to speculate or conduct their own additional investigation, as highlighted by the competing "quantum" cases submitted by both parties, to determine whether the amount in controversy requirement was satisfied based upon characterizations of Ms. Scott's injuries by her doctor and the amount of steroid injections she received. Removing defendants, however, are not held to a due diligence standard. *See Bosky*, 288 F.3d at 210; *see also Smith v. Wal-Mart Louisiana, LLC*, No. 13-2368, 2013 WL 4781778 (W.D. La. Sept. 5, 2013) (rejecting plaintiff's contention that recommendation for cervical disc surgery triggered the second 30-day removal period).

Plaintiffs' discovery responses and deposition testimony are not "unequivocally clear and certain" to start the time limit running for a notice of removal. *See Bosky*, 288 F.3d at 211. Accordingly, the court concludes that the provision of Ms. Scott's medical records to Defendant, and her deposition testimony, did not trigger the 30-day period for filing a notice of removal pursuant to § 1446(b)(3).

In contrast, the November 25, 2014 settlement demand letter is clear and unequivocal with regard to the amount in controversy being satisfied. A post-petition settlement demand letter may constitute an "other paper" pursuant to § 1446(b)(3) so long as it is "not plainly a sham" and resulted from a "voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *See Addo v. Globe Life and Accident Insurance Co.,* 230 F.3d 759, 762 (5th Cir. 2000). This settlement demand letter states that Ms. Scott's medical expenses total $21,315.49, her future medical expenses could range from $130,000.00 to approximately $390,000.00 for injections alone, Ms. Scott estimated her general damages to be between $75,000.00 to $100,000.00, and Plaintiffs sought $300,000.00 to

9

settle the dispute. (R. Doc. 1-3 at 1-2). The letter is "not plainly a sham" as it recites Ms. Scott's diagnosed injuries, her past and future medical expenses, her expected recovery for general damages, and sets forth a demand commensurate with those assertions. *See Cole v. Knowledge Learning Corp.*, No. 09-2760, 2009 WL 1269591, at *4 (E.D. La. May 6, 2009) (settlement demand for $125,000.00 with specials totaling around $4,250.00, was "not plainly a sham" in light of recitation of alleged injuries), *aff'd sub nom. Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437 (5th Cir. 2011). It is a voluntary act by Plaintiffs informing Defendant in clear and unequivocal language, that the amount in controversy requirement was satisfied.

In sum, the deadline to remove was not triggered by the initial pleading, Plaintiffs' discovery responses, or Plaintiffs' deposition testimony.[3] Defendant had thirty days from its receipt of the settlement demand letter on November 25, 2014 to remove the action. *See* 28 U.S.C. § 1446(b)(3). Accordingly, Defendant's removal on December 22, 2014 was timely.

## IV. Conclusion

Based on the foregoing, Defendant's removal of this action was timely pursuant to 28 U.S.C. § 1446(b)(3). The court should retain subject-matter jurisdiction over this action.[4]

---

[3] A contrary holding would encourage premature removals in the future – a result the Fifth Circuit has sought to avoid. *See Bosky*, 288 F.3d at 211 n.17 (citing *Chapman*, 969 F.2d at 163).

[4] Although not specifically raised by the Motion to Remand, the court notes that jurisdiction exists pursuant to 28 U.S.C. § 1332. There is no dispute that the parties are diverse. Plaintiffs are citizens of Louisiana and Defendant is a citizen of Delaware and Florida. (R. Doc. 1 at 4). Furthermore, in light of the pleadings, the evidence before the court regarding Ms. Scott's injuries and treatment, and the amount sought in Plaintiffs' settlement demand, the amount in controversy requirement is satisfied. *See Carver v. Wal-Mart Stores, Inc.*, No. 08-42, 2008 WL 2050987, at *2 (settlement demand of $150,000 was "sufficient to prove" of the amount in controversy in a slip and fall action where the amount in controversy was not facially apparent).

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand (R. Doc. 10) should be **DENIED**.

Signed in Baton Rouge, Louisiana, on April 17, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**